UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTA YOLANDO PORTILLO VASQUEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PATRICIA HYDE, Field Office Director, )<br>MICHAEL KROL, HSI New England Special )<br>Agent in Charge, and TODD LYONS, Acting )<br>Director U.S. Immigrations and Customs )<br>Enforcement, KRISTI NOEM, U.S. Secretary )<br>of Homeland Security, PAM BONDI, )<br>U.S. Attorney General )<br>)<br>Respondents. )<br>_____ ) | Case No. _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## **INTRODUCTION**

1. Petitioner Marta Yolanda Portillo Vasquez is an El Salvadoran national with a pending I-914 Application for T Nonimmigrant Status (Receipt Number LIN2527550683). On information and belief, she was unlawfully detained by federal immigration agents on August 28, 2025.

2. Accordingly, to vindicate Petitioner's statutory, constitutional, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus.

3. Petitioner alleges violations of the Fourth Amendment, Fifth Amendment, and 8 U.S.C. § 1231.

4. Petitioner asks this Court to find that her arrest and detention are illegal and order her immediate release, a stay of transfer outside of the District of Massachusetts, and a reasonable

1

award of attorney's fees.

**JURISDICTION**

5.  This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

6.  This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause). Under 8 U.S.C. § 1252(e)(2), this Court has habeas authority to determine whether Petitioner is a noncitizen and whether Petitioner was ordered removed under 8 U.S.C. § 1225(b)(1).

7.  This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

**VENUE**

8.  Venue is proper because Petitioner is detained at the Burlington Field Office in Burlington, Massachusetts, which is within the jurisdiction of this District. As of 10:19 am on August 30, 2025, Petitioner did not appear in the Immigration and Customs Enforcement (ICE) Detainee Locator.

9.  Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to her claims occurred in this District, and Petitioner resides in this District. There is no real property involved in this action. 28 U.S.C. § 1391(e).

**REQUIREMENTS OF 28 U.S.C. § 2243**

10.  The Court must grant the petition for writ of habeas corpus or issue an order to

show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

11. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

**PARTIES**

12. Petitioner has a pending I-914 Application for T nonimmigrant status based on her victimhood of labor trafficking. Petitioner is a resident of East Boston, Massachusetts. She is in the custody, and under the direct control, of Respondents and their agents.

13. Respondent Patricia Hyde is sued in her official capacity as the Director of the Boston Field Office of U.S. Immigration and Customs Enforcement. Respondent Hyde is a legal custodian of Petitioner and has authority to release her.

14. Respondent Michael Krol is sued in his official capacity as the HSI New England Special Agent in Charge. In this capacity, Respondent Krol is a legal custodian of Petitioner and has the authority to release her.

15. Respondent Todd Lyons is sued in his official capacity as Acting Director of the United States Immigration and Customs Enforcement. In this capacity, Respondent Lyons oversees all detention of noncitizens held in ICE custody and is a legal custodian of petitioner with the authority to release her.

16. Respondent Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees ICE, the component agency responsible for Petitioner's detention and custody. Respondent Noem is a legal custodian of Petitioner.

17. Respondent Pam Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

**STATEMENT OF FACTS**

18. Petitioner is a 58-year-old citizen of El Salvador. Petitioner has resided in the United States for approximately 20 years with her three children and numerous other family members.

19. Around January 2006, Petitioner entered the United States through Mexico without inspection. Petitioner was detained at the border and released. It is unclear if petitioner was paroled or released on her own recognizance. Upon release from custody, Petitioner moved to Massachusetts where she has resided since.

20. On or about January 30, 2006, Petitioner was ordered removed in absentia.

21. On or about March 14, 2025, Petitioner filed a Petition for T Nonimmigrant Status, Form I-914, Application for T Nonimmigrant Status and Form I-192, Application for Advance Permission to Enter as a nonimmigrant.

22.     The basis for Petitioner's Petition for T Nonimmigrant status was that the Petitioner was recruited, harbored, and coerced for the purpose of involuntary servitude and was physically present in the United States on account of her trafficking.

23.     On or about August 8, 2025, Petitioner received a biometrics appointment notice scheduled for August 28, 2025 at 3:00PM.  At the biometrics appointment, Immigration and Customs Enforcement detained the Petitioner. Petitioner was subsequently brought to Burlington Field Office for Processing.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of Fourth Amendment Reasonable Search and Seizure**

24.     The allegations in the above paragraphs are realleged and incorporated herein.

25.     The Department arrested and detained Petitioner in violation of her right to be free from unreasonable search and seizure. A party claiming a Fourth Amendment violation must establish both that a seizure occurred and that the seizure was unreasonable. *Sodal v. Cook County* 506 U.S. 56, 71 S. Ct. 538, 121 L. Ed. 2d 450 (1992).  A seizure is unreasonable if a balance of public and private interests implicated by the seizure favors the asserted private interest. *Id.* Petitioner asserts a private interest to apply for lawful status in the United States. The Department has not yet asserted a reason for detaining Petitioner. The balance of Petitioner's asserted private interest outweighs the government interest.

26.     For these reasons, Petitioner's arrest and detention violates the Fourth Amendment.

### COUNT TWO
**Violation of Fifth Amendment Right to Due Process**

27. The allegations in the above paragraphs are realleged and incorporated herein.

28. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

29. In detaining Petitioner, Respondents took advantage of Petitioner's good faith efforts to exhaust her legal protections that would allow her to remain in the United States. The violative actions of the Respondents undermines the faith of noncitizens that they may apply for immigration benefits for which they are eligible.

30. Furthermore, the Respondents detain petitioner outside of the lawful removal period for her 2006 *in absentia* removal order.

31. The Department's arrest of Petitioner impeded her ability to avail herself of immigration benefits for which she is facially eligible, in violation of her Fifth Amendment right to Due Process.

32. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

**COUNT THREE**
**Violation of 8 U.S.C. § 1231 and Implementing Regulations**

33. The allegations in the above paragraphs are realleged and incorporated herein.

34. When a noncitizen is ordered removed, the attorney general shall remove that person within a period of 90 days. The Respondents detain and seek to effectuate the removal some 19 years after the removal period has lapsed.

35. For these reasons, Petitioner's detention and arrest violates 8 U.S.C. § 1231.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Declare that Petitioner's detention and arrest violates the Fourth Amendment, the Due Process Clause of the Fifth Amendment, and 8 U.S.C. § 1231;

(4) Issue a Writ of Habeas Corpus ordering Respondents to immediately release petitioner, and, in the interim preventing her transfer outside of the District.

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ *Todd C. Pomerleau*
Todd C. Pomerleau


*Counsel for Petitioner*

Dated: August 30, 2025

**<u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>**

I represent Petitioner, Marta Yolando Portillo Vasquez, and submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 30th day of August, 2025.

<u>/s/<i>Todd C. Pomerleau</i></u>
Todd C. Pomerleau
